**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOEL LEWIS** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| | **JUDGE** |
| **UNDERWRITERS AT LLOYD'S, LONDON d/b/a CERTAIN UNDERWRITERS AT LLOY'DS, LONDON, USA TRANSPORTATION SERVICES LLC, USA JIREH TRANS LLC, AND JAMARIA J. GRAHAM** | **MAGISTRATE** |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, come defendants, Underwriters at Lloyd's of London ("Lloyd's London") and USA Jireh Trans LLC ("USA Jireh") (collectively, "Defendants"), which file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, to the docket of this Honorable Court.

I.

On May 29, 2019 the plaintiff, Joel Lewis ("Plaintiff"), filed a personal injury lawsuit against Lloyd's London, USA Transportation Services LLC, USA Jireh and Jamaria J. Graham in the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, Docket Number 134235, Division "B," entitled "*Joel Lewis vs. Underwriters at Lloyd's, London d/b/a Certain Underwriters at Lloyd's, London, et al.*" (*See* Petition for Damages attached hereto as Exhibit "A"). The lawsuit arises from an alleged automobile accident which occurred on or about June 14, 2018 on US 90 in Iberia Parish, Louisiana. (*Id*. at ¶ III).

II.

Service of citation and a copy of the Petition for Damages were requested on defendant, Lloyd's London, via the Louisiana Long Arm Statute, through its registered agent for service of process (*id*. at p. 5), and service was reportedly completed on or about June 11, 2019.

III.

Service of citation and a copy of the Petition for Damages were requested on defendant, USA Jireh, via the Louisiana Long Arm Statute, through its registered agent for service of process (*id*.), and service was reportedly completed on or about June 11, 2019.

IV.

Service of citation and a copy of the Petition for Damages were reportedly requested on defendant, Jamaria J. Graham, via the Louisiana Long Arm Statute, at an address in Kingwood, Texas. (*Id.*).  On July 3, 2019 Plaintiff's counsel advised that their certified mailing of the petition sent to Mr. Graham did not appear to be successful and attached a copy of the certified mail receipt which states "return to sender unclaimed unable to forward." (*See* Exhibit "B" attached hereto).  On that same date, undersigned counsel for Defendants spoke with Mr. Graham via telephone,[1] who advised he had not received service of the citation and Petition for Damages as of that date and, further, that he was not residing at the address to where service was requested at the time such service was requested (or attempted).  Further, to date Plaintiff has not filed any Affidavit of Service alleging therein that service on Mr. Graham has been completed. Thus, upon information and belief, Mr. Graham has not been properly served under the Louisiana Long Arm Statute to date.

---

[1] Once service is completed on Mr. Graham, undersigned counsel will be appearing for Mr. Graham in this matter.

V.

Service of citation and a copy of the Petition for Damages were reportedly requested on defendant, USA Transportation Services LLC, via the Louisiana Long Arm Statute, on its registered agent, Javier Moyano (*See* Exhibit "A" at p. 5), and service was reportedly completed on or about June 17, 2019 (see certified mail receipt at Exhibit "B").  Undersigned counsel is not representing USA Transportation Services LLC in this matter, nor has anyone appeared to date on its behalf.  Undersigned counsel for Defendants has made several attempts to locate the principal for USA Transportation Services LLC, believed to be the registered agent, Javier Moyano, to no avail.  In undersigned counsel's discussions with USA Jireh, undersigned counsel was informed that USA Transportation Services LLC is no longer an existing company, and has not been for some time.  A review of the Texas secretary of state website shows USA Transportation Services LLC "has ceased to exist in its state or country of formation or has ceased doing business in Texas." (*See* Exhibit "C" at p. 2).  Thus, upon information and belief, USA Transportation Services LLC is not an existing company at this time and Defendants do not anticipate that anyone will be appearing on its behalf in this matter.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

VI.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in all civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2) (2017).

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

#### VII.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

#### VIII.

For purposes of this removal, it is not apparent from the face of Plaintiff's Petition for Damages that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. As to the alleged injuries at issue, Plaintiff generally alleges he sustained "property damage, personal injury, medical expenses and seeking damages for all the foregoing" as a result of the subject accident, without specificity as to his alleged injuries or the body parts injured. (*See* Exhibit "A" at ¶ VII). Further, Plaintiff is his Petition for Damages alleges his damages at the time "do exceed $50,000.00," the Petition for Damages is silent as to whether the amount of the complained-of damages is greater or lesser than $75,000.00, exclusive of interest and costs. (*See generally id.*). Plaintiff likewise does not stipulate or aver in the Petition for Damages that his cause of action does *not* exceed $75,000.00, exclusive of interest and costs. (*See id.*).

IX.

Based on "other papers," namely Plaintiff counsel's email dated June 26, 2019 (*See* Exhibit "D" attached hereto), to counsel for Defendants, it is apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, Plaintiff's counsel advises that Plaintiff had undergone two (2) cervical epidural steroid injections (aka "ESIs") as of March 2019, and that his treating physician, Michael S. Haydel, MD, FIPP, ABIPP with Haydel Spine Pain & Wellness in Houma, has recommended a third cervical ESI, with a likely need for a radiofrequency ablation (aka "RFA") to follow the next cervical ESI. (*See id*.). Plaintiff's said advisement demonstrates the amount in controversy for Plaintiff's claims in this matter likely exceeds the jurisdictional minimum of $75,000.00. To wit, while back and neck injuries vary by severity, a cervical or lumbar spine injury with possible or administered injections often produces damage awards exceeding $75,000.00. *See, e.g. Donaldson v. Hudson Ins. Co.*, 12-1013 (La. App. 4 Cir. 4/10/13); 116 So3d 46 ($125,000 general damage award for cervical disc herniations where rhizotomy procedure was recommended; plaintiff also sustained herniations to the lumbar spine); *Wood v. Subsea Intern., Inc.*, 99-1320 (La. App. 4 Cir. 3/29/00); 766 So.2d 563 ($135,000 general damages awarded for lumbar injuries resulting in laminectomy procedure performed at L3-4); *Duchamp v. State Farm Mut. Auto Ins. CO.*, 05-339 (La. App. 3 Cir. 11/2/05); 916 So.2d 498 ($135,000 general damage award for cervical herniation causing chronic pain over three years; epidural steroid injections administered following conservative treatment); *Rico v. Sewerage and Water Bd. of New Orleans*, 04-2006 (La. App. 4 Cir. 3/8/06); 929 So.2d 143 ($150,000 in general damages awarded for cervical herniations, where the plaintiff was not a surgical candidate); and *Cagle v. Harrah's Lake Charles*, LLC, 07-653 (La. App. 3 Cir. 12/12/07); 974 So.2d 34 ($150,000 general damage award for lumbar disc bulge and

other pathology; the plaintiff was apparently treated with radiofrequency ablation on one occasion).

X.

Accordingly, based on the information contained in Plaintiff's counsel email of June 26, 2019, Defendants have conclusively established that the total amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

XI.

Plaintiff has neither stipulated, nor does the Petition for Damages aver, that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, and Plaintiff has not stipulated that he affirmatively renounces the right to accept a judgment in excess of $75,000.00, exclusive of interest and costs, as would be required pursuant to *Davis v. State Farm Fire & Casualty, et al.*, no. 06-0560, 2006 WL 1581272 (E.D. La June 7, 2006); and *Kaplan v. Prime Demolition & Disposal, LLC et al*., No. 08-4714, 2008 WL 5264024 (E.D. La. Dec. 18, 2008). Accordingly, Defendants show to a degree of legal certainty that the amount in controversy for the claims of Plaintiff in this matter exceeds the jurisdictional minimum of $75,000.00 of this Court for the purposes of diversity jurisdiction, pursuant to 28 U.S.C. §1332.

B. **COMPLETE DIVERSITY EXISTS**

XII.

Defendant, Lloyd's London, is a foreign insurance market with both its place of incorporation and its principal place of business outside the State of Louisiana, and is not a citizen of the State of Louisiana for purposes of diversity.

XIII.

Defendant, USA Jireh, is a foreign limited liability company with both its place of incorporation and its principal place of business in the State of Texas, and with all members of the LLC being citizens of the State of Texas, and is a citizen of the State of Texas for purposes of diversity.

XIV.

Upon information and belief, the defendant, Jamaria J. Graham, is a person of the full age of majority and citizen of the State of Texas for purposes of diversity.

XV.

Upon information and belief, defendant, USA Transportation Services LLC, is a now-defunct foreign limited liability company, formerly with both its place of incorporation and its principal place of business in the State of Texas, and with its principal LLC member, Javier Moyano being a citizen of the State of Texas, and is considered a citizen of the State of Texas for purposes of diversity.

XVI.

Based on his allegations in the Petition for Damages, Plaintiff is a person of the full age of majority domiciled in the State of Louisiana, and therefore is a citizen of the State of Louisiana for purposes of diversity. (*See* Exhibit "A" at p. 1).

XVII.

There is complete diversity between the Plaintiff and all Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XVIII.

A citation and copy of the Petition for Damages were reportedly served on Lloyd's London, via the Louisiana Long Arm Statute, through its registered agent for service of process, on June 11, 2019.

XIX.

A citation and copy of the Petition for Damages were reportedly served on USA Jireh, via the Louisiana Long Arm Statute, through its registered agent for service of process, on June 11, 2019.

XX.

Although service was reportedly requested upon defendant, Jamaria J. Graham, through the Louisiana Long Arm Statute, Mr. Graham, upon information and belief, has not been properly served under the Louisiana Long Arm Statute at the time of this removal.  Specifically, nothing was sent "to the defendant" as contemplated by La. R.S. 13:3204, because Plaintiff directed service to an address at which Mr. Graham was not residing at the time service was attempted (s*ee* Exhibit "B" attached hereto).  Additionally, Plaintiff has not filed any Affidavit of Service to date alleging therein that service on Mr. Graham has been completed to date.  Further, prior to filing this removal, undersigned counsel for Defendants requested from Plaintiff's counsel evidence of completed service on all named defendants (including Mr. Graham), and Plaintiff's counsel responding via email indicating the service attempted on Mr. Graham was not successful (*see id.*).  Thus, upon information and belief, Mr. Graham has not been properly served under the Louisiana Long Arm Statute to date, nor is there evidence in the record indicating he has been served via private process server.

XXI.

Additionally, service of citation and a copy of the Petition for Damages were reportedly requested on defendant, USA Transportation Services LLC, via the Louisiana Long Arm Statute, on its registered agent, Javier Moyano (*See* Exhibit "A" at p. 5), and service was reportedly completed on or about June 17, 2019 (see certified mail receipt in Exhibit "B").  Undersigned counsel is not representing USA Transportation Services LLC in this matter, nor has anyone appeared to date on its behalf.  In an attempt to obtain written consent to removal from USA Transportation Services LLC, undersigned counsel for Defendants made several attempts to locate and contact the principal for USA Transportation Services LLC, believed to be the registered agent, Javier Moyano, to no avail.  In undersigned counsel's discussions with USA Jireh, undersigned counsel was informed that USA Transportation Services LLC is no longer an existing company, and has not been for some time.  A review of the Texas secretary of state website shows USA Transportation Services LLC "has ceased to exist in its state or country of formation or has ceased doing business in Texas." (*See* Exhibit "C" at p. 2).  Thus, upon information and belief, USA Transportation Services LLC is not an existing company at this time and Defendants do not anticipate that anyone will be appearing on its behalf in this matter.

XXII.

The Notice of Removal was properly filed within thirty (30) days of service on Defendants and, further, within 30 days of Defendants' receipt of "other papers," namely Plaintiff counsel's email of June 26, 2019 (*See* Exhibit "D" attached hereto), wherein Plaintiff counsel advised Plaintiff had undergone two (2) cervical ESIs as of March 2019, and that his treating physician, Dr. Haydel with Haydel Spine Pain & Wellness in Houma, has recommended a third cervical ESI, with a likely need for an RFA to follow the next cervical ESI, which

established the amount in controversy is likely to exceed $75,000.00, exclusive of interest and cost.

XXIII.

Defendants, Lloyld's London and USA Jireh, join in and consent to this removal.

XXIV.

Upon information and belief, the defendant, Jamaria J. Graham, has not been properly served to date as contemplated by La. R.S. 13:3204, nor is there evidence in the record indicating he has been successfully served at the time of this removal. As Mr. Graham has not been properly served process at the time of removal, Defendants do not require his consent to remove this action. *See Grace v. Myers*, No. 15-300, 2015 WL 4939893, *3-5 (M.D. La. Aug. 18, 2015). Nonetheless, Defendants submit that, once service is perfected on Mr. Graham, Defendants anticipate Mr. Graham will consent to removal.

XXV.

Upon information and belief, the defendant, USA Transportation Services LLC, is presently not a viable entity or LLC (see Exhibit "C" hereto). Moreover, undersigned counsel for Defendants, through his investigation and attempts, has been unable to locate any principal for USA Transportation Services LLC, including its registered agent listed on the Texas secretary of state website, Javier Moyano. Defendants submit that, pursuant to their unsuccessful attempts to locate a principal for USA Transportation Services LLC, the fact that Defendants' undersigned counsel is not representing said entity in this matter, that no one has appeared to date on behalf of the said entity, and given the apparent non-existence of the entity (*see* Exhibit "C" hereto), Defendants do not require the consent of USA Transportation Services LLC to

remove this action. Alternatively, Defendants submit their removal is procedurally proper pursuant to the foregoing.

XXVI.

There is no other party beyond the foregoing is needed to consent to the removal of this case.

XXVII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiff's alleged damages exceeds the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from all Defendants.

XXVIII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

XXIX.

No previous application has been made for the relief requested herein.

XXX.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

## **JURY DEMAND**

XXXI.

Defendants are entitled to and hereby request a trial by jury on all triable issues herein.

WHEREFORE, Defendants, Underwriters at Lloyd's of London and USA Jireh Trans LLC, pray that the action entitled, "*Joel Lewis vs. Underwriters at Lloyd's, London d/b/a Certain Underwriters at Lloyd's, London, et al.*" bearing Docket Number 134235, Division "B," and pending in the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, be removed from the said state court docket to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

**PERRIER & LACOSTE, L.L.C.**

*/s/ Jordan M. Jeansonne*
_____

**GUY D. PERRIER, T.A. #20323**
**JORDAN M. JEANSONNE, #33203**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
gperrier@perrierlacoste.com
jjeansonne@perrierlacoste.com
Tel:  (504) 212-8820
Fax:  (504) 212-8825
**ATTORNEYS FOR DEFENDANTS,**
**UNDERWRITERS AT LLOYD'S OF**
**LONDON AND USA JIREH TRANS**
**LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 11th day of July, 2019, at their last known address of record.

*/s/ Jordan M. Jeansonne*

**JORDAN M. JEANSONNE**